**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Alan Heifetz, | Case No. 2:21-cv-01472-CDS-VCF |
| Plaintiff | **Order Granting Defendants' Motion for Summary Judgment, Dismissing Remaining Defendants, and Closing Case** |
| v. | |
| Las Vegas Metropolitan Police Department, et al., | [ECF No. 14] |
| Defendants | |

Plaintiff Alan Heifetz brought this § 1983 civil rights and negligence action against the Las Vegas Metropolitan Police Department (LVMPD), and tort claims against two civilians, Chris Carwile and Nicole Moore in May of 2021. Now pending before the court is defendant LVMPD's motion for summary judgment. Because Heifetz has failed to meet his burden of demonstrating that genuine issues of material fact remain outstanding against LVMPD, I grant their summary judgment motion. Because Heifetz has failed to effectuate service on the two remaining defendants, I dismiss them from this action and kindly request that the Clerk of Court enter judgment accordingly and close this case.

**I.    Background**

This action arose out of an ostensible landlord-tenant dispute between Heifetz and the two civilians, defendants Carwile and Moore. ECF No. 1-1 at 4, ¶¶8–9. According to the complaint,[1] on February 13, 2020, Heifetz, Carwile, and Moore were all residing together at 1312 Scenic Way, in Las Vegas, NV. *Id.* at ¶8. On that day, Carwile and Moore—who claimed to own the property—ordered Heifetz to move out of the room he was renting at the residence no later than February 14, 2020. *Id.* at ¶¶9, 10. The dispute escalated and resulted in LVMPD responding

---

[1] The summary of allegations does not serve as a findings of fact, but rather a discussion of the allegations to provide background information regarding this case.

to the residence. *Id*. at ¶11. Heifetz alleges that he advised the officers that he intended to leave the residence by the 14th, but still had personal items inside the residence, and that he had reached an agreement to get $293.00 from Carwile and Moore by February 21, 2020, because he had overpaid rent. *Id*. at ¶14. Heifetz claimed he was concerned that Carwile would turn violent. *Id*. at ¶15. LVMPD left the residence when they determined that the dispute was a civil matter. *Id*. at ¶16.

The next day, Heifetz confronted Carwile with video footage showing him entering Heifetz's room. *Id*. at ¶17. Thereafter, Heifetz moved out of the residence. *Id*. at ¶18. Three days later, Heifetz returned to the Scenic Way residence to retrieve the $293.00 he claims he was owed from overpayment of rent (*id*. at 5, ¶19), at which time a physical and verbal alteration ensued between Heifetz and Carwile. *Id*. at 5–6, ¶¶ 20–25; 31; 33–34. Heifetz alleges that Carwile threatened to kill him during the altercation, and brandished either a mallet or a sledgehammer while threatening him. *Id*. at ¶¶24–25, 29. While Carwile and Heifetz were engaged in that dispute, Moore called for police assistance, claiming, *inter alia*, that her home was being burglarized. *Id*. at 6, ¶¶28, 35. According to the complaint, Heifetz left the home after being struck twice by Carwile, and immediately thereafter contacted the police. *Id*. at 6–7, ¶¶ 34, 40. Thereafter, Heifetz returned to the residence to speak to the LVMPD officers, identified as P. Uptain and E. Selvey, who had responded to the scene. *Id*. at 7, ¶41. After speaking with Heifetz, Carwile, and Moore, the officers arrested Heifetz. *Id*. at ¶42.[2] Heifetz was later charged for unnamed offenses based on his February 21, 2020, arrest. *Id*. at ¶44.

Heifetz sues LVMPD and officers Uptain and Selvey for alleged excessive force, unlawful detainment, and false arrest. *Id*. at 7–8. But, the complaint fails to specifically name Uptain and Selvy as defendants.[3] The complaint further alleges that officers Uptain and Selvey were negligent when they arrested him on February 21, 2020, but again, it fails to name them as

---

[2] The court notes that the complaint contains two paragraphs numbered "42". For avoidance of doubt, the court is referring to the first of the two "42" paragraphs here.

[3] The record lacks any evidence of any attempt to serve officers Uptain and Selvey.

defendants. *Id.* at 10–11. Last, Heifetz brings state claims, alleging that Carwile battered him (*id.* at 11–12) and that both Carwile and Moore caused intentional infliction of emotional distress. *Id.* at 12–13. Heifetz seeks monetary and punitive damages. *Id.* at 13.

**II.      Legal standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

**III.      Discussion**

LVMPD moves for summary judgment arguing that discovery is now closed and plaintiff fails to produce any evidence in support of his claims for relief, and that the *Monell* claim fails as a matter law. ECF No. 14 at 2–3. Last, they argue that Heifetz failed to sue the individual officers, so the only remaining claims are against the department. *Id.* at 3.

*A.  Summary judgment in favor of LVMPD is granted because Heifetz failed to sue the individual*
*officers and fails to demonstrate municipal liability.*

Under 42 U.S.C. Section 1983, "[e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C. § 1983. In order to recover, Heifetz must prove that defendants "(1) deprived [him] of a right secured by the Constitution, and (2) acted under color of state law." *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989). To be liable for damages under § 1983, the wrongdoer must personally cause the violation, *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), so each defendant, whether a public entity or an individual person, is liable only for his or its "own misconduct" under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). There is no respondeat superior liability in § 1983 actions. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior.").

There is no dispute that the officers Uptain and Selvy were acting under the color of law, so the questions are 1) whether Heifetz was deprived of a constitutional right, and 2) whether LVMPD is subject to municipal liability. As a threshold matter, I note that the complaint fails to identify a single constitutional violation for which Heifetz seeks to hold LVMPD liable. *See generally* ECF No. 1-1. Instead, for the first time in his opposition[4] to the motion for summary

---

[4] I note that plaintiff's exhibits were inappropriately attached to his opposition. Counsel is reminded that Local Rule IC 2-2(3) requires that exhibits and attachments "be attached as separate files[,]" not as part of the base document. LR IC 2-2(3)(A). Counsel is cautioned that future violations of these rules will not be tolerated, and nonconforming exhibits will be sua sponte stricken from the record. Moreover, counsel is also reminded that at the summary-judgment stage, a trial court can consider only evidence that could be presented in an admissible form at trial. *Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016) (discussing Rule 56's 2010 amendment, which "eliminate[d] the unequivocal requirement that evidence submitted at summary judgment must be authenticated"). Plaintiff fails to provide a declaration in support of the documents connected to his summary judgment motion, nor does he argue that the documents could be presented in an admissible form at trial. I therefore do not consider any unauthenticated exhibits in resolving this motion.

judgment, Heifetz alleges his Fourth Amendment rights were violated when LVMPD officers allegedly falsely arrested and imprisoned him. ECF No. 23 at 7–8. He further argues that because the State of Nevada denied the charges against Heifetz, the officers did not have probable cause to arrest him for any offense on February 21, 2020, and that the officers failed to conduct a reasonable inquiry before arresting him. *Id.* at 8. Heifetz's opposition is wholly focused on the actions (or alleged inactions) of the two officers. Because Heifetz failed to name these individual officers as defendants in this action, there is no need to determine if the officers are individually liable for allegedly violating Heifetz's Fourth Amendment rights. I likewise need not evaluate if his rights were violated to resolve the remaining *Monell* claim[5] because Heifetz fails to establish a municipal policy was behind any alleged constitutional violation.

A plaintiff can satisfy *Monell*'s policy requirement in one of three ways "(1) [they were] deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to a deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. City of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020). The crux of Heifetz's argument is that his Fourth Amendment rights were violated because the officers "should have known" that there was no probable cause to arrest him. Heifetz does not allege or argue anything suggesting that LVMPD tolerated or promulgated a policy or custom allowing officers to violate his rights. *See generally* ECF No. 23. Stated otherwise, Heifetz fails to identify any LVMPD policy that allegedly occasioned a violation of his constitutional rights. Consequently, defendants' summary judgment motion should be granted. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000) ("If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment.") (citation omitted). Because Heifetz has failed to offer any evidence showing a *Monell* violation, LVMPD's motion for summary judgment is granted.

---

[5] The court notes that the complaint also fails to specifically allege a *Monell* violation. *See generally* ECF No. 1-1. In an abundance of caution, I liberally construe the allegations in the complaint as alleging municipal liability because plaintiff sues LVMPD.

*B. Defendants Carwile and Moore are dismissed from this action.*

As of the date of this order, neither Carwile nor Moore were served with the complaint in this action. This action was filed on May 11, 2021 (*see* ECF No. 1-1) and removed to Federal Court on August 6, 2021. ECF No. 1. On September 1, 2021, the court issued a notice of intent to dismiss under Federal Rule of Civil Procedure 4(m), explaining that unless proof of service as to Chris Carile and Nicole Moore was filed by October 1, 2021, the court would enter an order of dismissal. ECF No. 7. The deadline passed almost two years ago and still, no proof of service has been filed. I therefore dismiss Carwile and Moore from this action.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **[ECF No. 14] is GRANTED.**

IT IS FURTHER ORDERED that this action is dismissed without prejudice as to Chris Carwile and Nicole Moore.

The Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED: August 30, 2023

_____
Cristina D. Silva
United States District Judge